

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF MISSOURI**

2019 APR 18 PM 4: 20

CLERK U.S. DIST. COURT
WEST. DIST. OF MO
KANSAS CITY, MO

William L. Fambrough )
)
        **Plaintiff,** )
)
vs. ) Case No.: <u>4:19-cv-00292-DGK</u>
)
Uber Technologies Inc )
)
        **Defendant.** )

## MOTION FOR EMERGENCY INJUNCTIVE RELIEF

COMES NOW Plaintiff William Fambrough (hereafter referred to as "Plaintiff") and moves this Honorable Court to grant emergency injunctive relief from the actions of the Defendant, Uber Technologies Inc, (hereafter referred to as "Defendant"), and in support states and alleges as follows:

## FACTUAL BACKGROUND

1. For more than two (2) years Plaintiff and Defendant conducted business under Defendant's rules of conduct.

2. One of the Defendant's requirements was to verify that Plaintiff was the operator who transported Defendant's clients by requesting Plaintiff provide a selfie.

3. Plaintiff provided Defendant verification other than selfie. Defendant's app is bias against people of color and will reject verification of people of color during low light situations.

4. For over two (2) years, Defendant was satisfied with Plaintiff's verification method. Defendant did not receive any reports or complaints from clients that Plaintiff was not the operator pictured on Defendants app.

5. On or about April 8, 2019, Defendant deactivated Plaintiff's account access, stating, Plaintiff did not have authorization to make Airport pickups. Plaintiff disagreed, stating both the City of Kansas City's badge approval and the TSA approved KCI Airport's badge

showing Airport approval. Defendant then stated; they would investigate.

6. April 12, 2019, (4) four days later Defendant stated Plaintiff had breached the Agreement by impersonating themselves. Additional explanations were that someone* other than Plaintiff was driving, (*Plaintiff, impersonating Plaintiff driving). That being said, Defendant permanently canceled Plaintiff's account without the ability to rebut the decision.

7. Defendant has stated without any evidence or proof that Plaintiff was not the operator presented to clients on the app. then, without just cause per the contract both Plaintiff and Defendant agreed to, permanently deactivated Plaintiff's account. Additionally, Defendant failed and refused to compensate Plaintiff for services rendered prior to said cancellation, as well as future compensation promised on April 27, 2019.

## BASIS FOR EMERGENCY RELIEF

1. Plaintiff's request for immediate action on this Special Injunctive Temporary Restraining Order is ripe for immediate and emergency disposition.

2. Plaintiff's personal bank account has only $0.80 available (attached). Defendant left Plaintiff without the ability to receive needed income from Uber's platform to pay obligations due, the most pressing include; Amazon store credit, $95.00, due in (2) days on April 20, 2019; Personal credit card $25.00, due in (4) days on April 22, 2019; the Water bill $60.82, Walmart store credit $50.00, and American Family Insurance $270.00, due in (7) days on April 25, 2019; etc.; and ongoing.

3. Defendant offered many different and contradictory reasons for deactivating Plaintiff's Uber account. All reasons are false. All reasons were presented without any supporting documentation. Defendant left no options; for affirmative defenses or any recourse. Deprivation of the Civil Rights of a certain class of Americans' is at issue.

4. The Defendant will suffer no harm from the enjoined Court action. Any monetary benefit the Plaintiff might enjoy from this injunction; the Defendant will deduct approximately 30% from the proceeds' Plaintiff makes, before giving Plaintiff the balance.

## CONCLUSION

It is highly unlikely that Defendant has or will have any evidence that Plaintiff was not the operator using the Uber platform, which was the reason stated for deactivation by the Defendant. Defendant will not suffer any ill effects from reinstatement of Plaintiff's Uber account, but deactivation is causing catastrophic harm to Plaintiff's life, health, and wellbeing, including detrimental effects to Plaintiff's community as a whole. Plaintiff's monetary deficit created by Defendant, due to deactivation will be very hard to overcome if left in place. However, Defendant suffers no losses but will gain a valued Uber partner with a 4.98-star rating.

WHEREFORE, Plaintiff prays that the Court swiftly enjoin Defendant from continued deactivation of Plaintiff's Uber account, that Plaintiff suffer no adverse repercussions over this action, and Plaintiff requests the Court to expedited discovery to occur before the hearing, and for such further orders as the Court deems proper in the premises.

William Fambrough - Pro Se
6101 N Belleview Ave
Kansas City, Missouri 64118-3063
Fambrough1954@gmail.com
(816) 471-1717 - Telephone

## Account Activity for: Heather and William Fambrough ••• 8495

Snapshot*

**$0.80**
Available Balance

**$0.80**
Current Balance

Showing Results for transactions from **Apr 12, 2019 - Apr 18, 2019**　　　　Clear

**Pending**

There are no pending transactions matching this search.

**Posted**

**April 2019**

| Date | Description | Amount | Balance |
|---|---|---|---|
| Apr 16, 2019 | ∧ CHECK IMAGE PRESENTED #2448 | $100.00 | $0.80 |
| Apr 15, 2019 | ∧ ATM DEPOSIT 110 NW BARRY ROAD M153 KANSAS CITY MO 00000990 | $100.00 | $100.80 |

### Account Details

**Account number:**
Show Account number

**Bank Routing number:**
101000019